UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDRA M. VOZELLA, individually and as administratrix of the Estate of Margaret Francis Passariello, <br>           Plaintiff <br><br> v. <br><br> SAUGUS FEDERAL CREDIT UNION, <br>           Defendants | ) ) ) ) ) ) ) ) ) Adv. Pro. No. |

## COMPLAINT AND JURY CLAIM

In August, 2007, Margaret Francis Passariello – then two weeks shy of her 90th birthday - agreed to co-sign on a loan which her son, Ernest Passariello, wished to obtain from the defendant credit union for a variety of purposes, including the purchase of residential property in Saugus, Massachusetts.  Margaret was adamant that her own home in Revere, Massachusetts – which she and her late husband had purchased in 1960 - was not to be mortgaged or encumbered in any fashion in the transaction, and made numerous statements to that effect to various family members.  Nonetheless, during the course of the transaction Ernest fraudulently induced Margaret and/or coerced Margaret into signing a "collateral mortgage" which pledged the Revere property as additional security for the loan.

Plaintiff Sandra M. Vozella is Margaret's daughter and the administratrix of her estate.  Plaintiff brings this action to exercise Margaret's extended rights to rescind the 2007 transaction under the Truth in Lending Act, since Margaret was never provided with

the right to cancel notices or material disclosures required by the statute, and to recover both actual and statutory damages due to these omissions.

## Parties

1. Plaintiff is an individual who at all times relevant to this complaint has resided in Revere, Massachusetts. On January 26, 2009, she was appointed administratrix of the estate of Margaret Francis Passariello, her mother, by the Suffolk County Probate Court (docket no. 08P2429).

2. Defendant Saugus Federal Credit Union is on information and belief a federally chartered credit union having a principal place of business in Saugus, Massachusetts.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter on the basis of 15 U.S.C. §1640(e) and 28 U.S.C. §§1331 and 1337. The Court has authority to enter a declaratory judgment pursuant to 28 U.S.C. §2201. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

4. Venue in this district is proper pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5. In 1960, Margaret and her husband, Carmen Passariello, purchased the property located at 34 Ensign Street, Revere, Massachusetts, and made it their principal residence. They took title to the property as tenants by the entirety.

6. Margaret and Carmen had three children together - Ernest, Robert, and Sandra, the plaintiff herein.

7. Carmen passed away in 1978, and his interest in the property passed to Margaret by operation of law.

8.  In 1997, plaintiff's husband passed away and Margaret asked plaintiff and her daughter, Marisa, to move into the Revere property with her, which they did. Plaintiff and Sandra have resided in the Revere property since that time, and live there today.

9.  In 2007, Margaret was asked by her son, Ernest, to co-sign on a loan which he would use to purchase a home and for other purposes. Margaret agreed to do so on the express condition that the Revere property would not serve as collateral or otherwise be put at risk in the event of default. Ernest told Margaret that her condition was acceptable.

10. Ernest arranged for a loan of $800,000 from defendant, which exceeded by approximately $100,000 the purchase price of the real estate that Ernest intended to purchase at 30 Birch Pond Drive, Saugus, Massachusetts.

11. The commitment letter issued by defendant made no mention of pledging the Revere property as collateral for the loan. Nonetheless, unbeknownst to Margaret, as a condition of making the loan defendant required that Margaret pledge the Revere property as collateral.

12. The loan closing occurred on August 30, 2007, which was two weeks prior to Margaret's 90th birthday.

13. During the loan closing, Margaret was instructed to sign a document entitled "Collateral Mortgage," which provided that the Revere property would serve as additional security for the loan. Margaret refused to do so, as she had been assured by Ernest that her home would not be put at any risk as a result of co-signing the loan. However, as a result of undue influence exerted by Ernest and misrepresentations made to her by Ernest, Margaret signed the "Collateral Mortgage."

14. The transaction which closed on August 30, 2007, involved the extension of credit and was obtained primarily for personal, household, or family purposes.

15. The transaction which closed on August 30, 2007, resulted in a security interest on Margaret's principal residence.

16. The proceeds from the transaction which closed on August 30, 2007, were not used for the acquisition or initial construction of Margaret's home.

17. On August 30, 2007, Margaret had not made a will.

18. Margaret passed away on August 22, 2008, not leaving a will. Plaintiff and Ernest were her heirs at law, Robert having previously died.

19. Plaintiff was appointed administratrix of Margaret's estate by the Suffolk County Probate Court on January 26, 2009.

## COUNT I

20. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21. The August 30, 2007 transaction resulting in the security interest on Margaret's property was subject to her right of rescission as provided by 15 U.S.C. §1635(a) and its implementing regulation, 12 C.F.R. §226.23(b)(1) (Regulation "Z").

22. Defendant failed to deliver to Margaret at the time of the transaction or at any other time any copies of the notice of the right to cancel the transaction as required by 15 U.S.C. §1635(a) and 12 C.F.R. §226.23(b)(1).

23. Had defendant provided the required right to cancel notices to Margaret in a timely fashion as required by law, Margaret would have exercised her right to cancel the transaction within three business days of consummation.

24. As the result of defendant's failure to provide Margaret with the required right to cancel notices, her property remained encumbered by the "Collateral Mortgage."

25. Ernest defaulted in his obligation to make payments under the promissory note signed on August 30, 2007. As a result, for some time plaintiff has been living with the fear of losing the Revere property to foreclosure, which has caused her to suffer severe emotional distress and mental anguish, resulting in headaches, loss of sleep, indigestion, and depression.

26. As a result of defendant's failure to provide Margaret with the required right to cancel notices, under 15 U.S.C. §1635(f) plaintiff has a continuing right to rescind the transaction on behalf of Margaret's estate.

27. By letter dated April 21, 2010, plaintiff – through counsel – provided written notice to defendant of the exercise of the continuing right to rescind the transaction.

28. Defendant received plaintiff's notice of her exercise of the right to rescind, but did not take action to reflect the termination of the security interest in the property or to return all money or property given by Margaret to anyone, including defendant, in connection with the transaction, as required by law.

>WHEREFORE, plaintiff prays that this Honorable Court enter judgment:
>
>(a) rescinding the transaction;
>
>(b) declaring the subject mortgage null and void, and ordering defendant to take all action necessary to terminate the security interest;
>
>(c) ordering defendant to return to plaintiff all monies or other property given by Margaret to anyone, including defendant, in connection with the transaction;

(d) declaring that Margaret's estate is not obligated to tender the amounts remaining after return of the monies and property given by her or, alternatively, establishing equitable terms of tender which will enable plaintiff to retain the property;

(e) awarding plaintiff actual damages against defendant for harm suffered as a result of the violations of law alleged herein, including defendant's failure to take actions required by law in response to plaintiff's rescission notice;

(f) awarding plaintiff statutory damages against defendant;

(g) awarding costs and reasonable attorney's fees;

(h) awarding such further relief as shall be just and proper.

## COUNT II

29. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

30. The August 30, 2007 transaction resulting in the security interest on Margaret's property was subject to her right of rescission as provided by 15 U.S.C. §1635(a) and its implementing regulation 12 C.F.R. §226.23(b)(1) (Regulation "Z").

31. Defendant failed to deliver to Margaret at the time of the transaction or at any other time the material disclosures required by 12 C.F.R. §226.23(a)(3).

32. As a result of defendant's failure to provide Margaret with the required material disclosures, plaintiff has a continuing right to rescind the transaction on behalf of Margaret's estate pursuant to

33. By letter dated April 21, 2010, plaintiff – through counsel – provided written notice to defendant of the exercise of Margaret's right to rescind the transaction.

34. Defendant received plaintiff's notice of her exercise of the right to rescind, but defendant did not take action to reflect the termination of the security interest in the property or to return all money or property given by Margaret to anyone, including defendant, in connection with the transaction, as required by law.

>WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(a) rescinding the transaction;

(b) declaring the subject mortgage null and void, and ordering defendant to take all action necessary to terminate the security interest;

(c) ordering defendant to return to plaintiff all monies or other property given by Margaret to anyone, including defendant, in connection with the transaction;

(d) declaring that Margaret's estate is not obligated to tender the amounts remaining after return of the monies and property given by her or, alternatively, establishing equitable terms of tender which will enable plaintiff to retain the property;

(e) awarding plaintiff statutory damages against defendant for the violations of law alleged herein and for failing to take actions required by law in response to plaintiff's rescission notice;

(f) awarding costs and reasonable attorney's fees;

(g) awarding such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

Plaintiff, by her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com